# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 7, 2011

## STATE OF TENNESSEE v. GREGORY DARNELL VALENTINE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 1212-2009     Dee David Gay, Judge**

---

**No. M2010-02356-CCA-R3-CD - Filed August 10, 2012**

---

Defendant, Gregory D. Valentine, appeals from the trial court's summary dismissal, without an evidentiary hearing, of Defendant's motion to withdraw his guilty pleas. After a thorough review of the record, we reverse the judgment of the trial court and remand for a hearing on Defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Jon J. Tucci, Nashville, Tennessee, for appellant, Gregory Darnell Valentine.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Thomas Dean, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

From the record available, we discern that pursuant to a negotiated plea agreement, Defendant pled guilty (as "best interest" pleas) to one count of Class B felony money laundering, one count of Class C felony theft, one count of the Class D felony offense of making a false report, twenty counts of Class D felony identify theft, six counts of Class E felony criminal simulation, and one count of Class E felony forgery. From the judgments, it appears that with a combination of consecutive and concurrent sentencing, Defendant received an effective sentence of twelve years, eight months. The best interest guilty pleas were entered on October 14, 2010. Defendant was represented by counsel through the entry of his pleas. The judgments of conviction were not entered until November 3, 2010.

Defendant actually filed three *pro se* handwritten pleadings, and each one was captioned as "motion to set aside plea." These are marked filed by the trial court clerk on October 19, 2010, October 20, 2010, and October 21, 2010. The basic allegations in all three motions are the same, with some additional facts alleged or notarizations indicated in each of two of the motions, which were not alleged in the other two respective motions. We will treat these as timely filed motions to withdraw guilty pleas, as amended. Considering all three pleadings together and in proper context, Defendant alleged that he is entitled to withdraw his guilty pleas (1) because he was coerced to enter the guilty pleas by his attorney using "my baby['s] mother as a bargaining tool"; (2) because other persons identified only as "Johnson," "Ross," and "Young" were supposed to be released upon his guilty pleas, and they were not; and (3) because of somewhat vague allegations of a misunderstanding between Defendant and the State concerning the negotiated plea agreement.

On October 26, 2010, the trial court entered an order that was a pre-printed one-page form which also contained a summary of Defendant's motion. It is clear that the pre-printed order is designated for use only in the cases of *pro se* motions. The trial court checked the line which provides that the *pro se* motion is "Denied without a hearing" and beside this printed line, hand wrote "'manifest injustice' has not been shown by this defendant."

Rule 32(f) of the Tennessee Rules of Criminal Procedure states as follows:

> (f)     WITHDRAWAL OF GUILTY PLEA. –
>
> (1) BEFORE SENTENCE IMPOSED. – Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
>
> (2) AFTER SENTENCE BUT BEFORE JUDGMENT FINAL. – After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f)

Defendant's allegations are sufficient to warrant an evidentiary hearing on his motion to withdraw the guilty pleas. The trial court erred by summarily dismissing the motion, as amended, without an evidentiary hearing. *State v. Jerry Louis Fitzgerald, Jr.*, No. W2009-02520-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 703 (Tenn. Crim. App. At Jackson, Aug. 20, 2010).

**CONCLUSION**

The judgment of the trial court is reversed and this case is remanded to the trial court for an evidentiary hearing on Defendant's motions in accordance with this opinion.

_____
THOMAS T. WOODALL, JUDGE